(*Circuit Court of Peoria County.*)

## The People ex rel. Cain

### vs.

### Frank Hitchcock.

(1878.)

1. CRIMINAL CODE—CONSTRUED AS AN ENTIRETY. The criminal code must be construed as an entire enactment. Amendments thereto must be read as if they constituted a part of the original enactment.

2. VAGRANCY ACT OF 1877—CONSTITUTIONALITY OF—RIGHT OF TRIAL BY JURY UNDER. The vagrancy act of 1877 is not unconstitutional as depriving a defendant of the right of trial by jury. The sections in relation to vagrancy being a part of the criminal code must be construed in connection with the other portions of such code and inasmuch as a jury trial is provided for in other parts of such code a defendant charged with vagrancy is entitled to a jury trial.

Petition for habeas corpus. Heard before Judge McCulloch. The facts are stated in the opinion.

McCULLOCH, J.:—

The petitioner was convicted before a police magistrate of the city of Peoria on a charge of vagrancy, and sentenced to the county jail for a period of sixty days. He now petitions to be discharged from imprisonment on the ground that the statute under which he was convicted is unconstitutional, in that it denies him a trial by jury. The record of his conviction does not show, nor is it contended, that he even demanded a jury, nor that a jury was in fact denied him. He rests his case wholly upon the unconstitutionality of the act of the legislature of 1877, defining and punishing the offense of vagrancy. Had he demanded a jury trial, and had the same been denied him, a different question might have arisen. It is now contended that, by the terms of the statute, he is denied that right, and, therefore, it would have availed him nothing to have demanded a jury. The statute in question is entitled "An act to amend an act entitled an act to revise

the law in relation to criminal jurisprudence, approved March 27, 1874.'' The act so entitled is chapter 38 of the revised statutes of 1874, better known as the Criminal Code. The act of 1877 provides in its first section that sections 270 and 271 of the act of 1874, ''be and the same are hereby amended to read as follows,'' etc. The two sections so amended relate to the subject of vagrancy, and the amendments are germane thereto. Section 270 provided that vagabonds, idle and dissolute persons, who go about begging, and others mentioned, might be confined in the county jail, or in the workhouse, or in the house of correction, not exceeding six months. Sec. 271 provided that when a person should be convicted before a justice of the peace, or police magistrate, of any offense mentioned in the preceding section, he might, instead of the punishment therein mentioned, be fined not exceeding $20, with or without condition that if the same, with the costs of the proceeding, was not paid within the time specified, he should be committed to the county jail, or to the workhouse or to the house of correction, as provided in the preceding section, which conditional sentence should be carried into execution, as in other cases of commitment. Neither one of these sections provided for a trial by jury. But we are at liberty to look to other portions of the same chapter for such provision. Sec. 1, div. IX, of the Criminal code (numbered 381 in the revision of 1874), gives justices of the peace jurisdiction in cases arising under said sections 270 and 271. Sec. 4, div. IX, provides that the person accused may have the cause tried by a jury upon the same conditions (except as to payment of jury fee), and the jury shall be summoned and impanelled in the same manner as in civil cases, before justices of the peace. Sec. 44, ch. 79, R. S. 1874, provides that in all cases of trial before a justice of the peace, either party may have the cause tried by a jury if he shall so demand before the trial is entered upon. The number of jurors shall be six, or a greater number, not exceeding twelve as either party may desire. Sec. 5, div. IX, Criminal Code, provides that if the jury find the accused guilty, they shall assess the fine, or fix the punishment as aforesaid. Sec. 6 provides

that upon the jury returning their verdict the justice shall record the same in his docket, or record book, and proceed to render judgment thereon accordingly, with costs. Sec. 7 provides that upon the rendition of judgment, imposing a fine, the justice shall, except as otherwise provided, issue execution against the goods and chattels of the defendant for the fine and costs, which may be levied upon any personal property of the defendant not exempt from execution. Sec. 8 provides that if the execution is returned unsatisfied the justice shall issue a capias against the body of the defendant, who shall be committed to the county jail for forty-eight hours, and for twenty-four hours, additional for every $5 fine over and above $10. The provisions of these last two sections are so modified by the foregoing sections in relation to vagrants, that the justice may make it a part of his judgment that if the fine be not paid within a time specified, the defendant shall be committed to the county jail, work house or house of correction for a period not exceeding six months.

These references to the statute show very clearly that under sections 270 and 271, R. S. 1874, a party charged with vagrancy was not denied the right of trial by jury. If, now, we put in the place of these two sections, the amended sections of 1877, and read the whole chapter as one statute, as we are bound to do, there would seem to be no good reason for saying that a party charged with vagrancy is thereby denied the right of trial by jury, unless by the terms of the amendment that right is expressly taken away, or unless such trial would be incompatible with its provisions. The right of trial by jury is one which the legislature cannot take away. It will not be presumed that it intended to do so unless that intention is made clearly to appear. When a statute is amended, the change must be found in the words of the amendment, or it must follow as a necessary implication therefrom. It is provided in the constitution that no law shall be revised, or amended, by reference to its title only but "the law revised, or the section amended shall be inserted at length in the new act." The statute is then read as if the amended sections constituted a part of the original act, and the whole

must be construed together, in order to arrive at the true meaning of the amendment. Applying these principles to the statute in question, we find in the context certain provisions relating to jury trials in all cases within the jurisdiction of justices of the peace and police magistrates, which a person charged with vagrancy may invoke, unless there be something in the amendments themselves which in terms or by necessary implication deny the right of trial by jury.

It is said, however, that because the amended sections provide only for a trial by the justice or police magistrate, that there is no place in the statute for a jury trial. Were we to confine ourselves strictly to the amended sections, this might be true. But the same course of reasoning would destroy the efficiency of many of the provisions of the criminal code. The several provisions defining crimes and fixing the punishment, do not in terms provide for trials by jury. There is no law providing specifically that any one charged with murder, arson, burglary, larceny, robbery, and the like, shall be tried by jury. It is only when we come to section 8, div. XIII, that we find it provided "that all trials for criminal offenses shall be conducted according to the course of common law, except when this act points out a different mode." Now the legislature of 1877, amended sec. 36, relating to burglary, sec. 168, relating to larceny, sec. 186, relating to malicious mischief, and sec. 213, relating to taking illegal fees. It would be just as logical to say that each one of these acts is unconstitutional, because it does not provide for trial by jury, as to pronounce the law in question void for that reason.

Sec. 271, as it now reads, provides that the justice of the peace, or police magistrate shall, within thirty-six hours after complaint made before him, proceed to try the person accused of being a vagabond; and if he pleads guilty, or if he be found guilty, the said justice of the peace or police justice may sentence the said vagabond to imprisonment at hard labor upon the streets or highways, or in the jail, calaboose or other building used for penal purposes of the county, town, village, city or other municipality in which such vagabond

was convicted, or the house of correction of any city having a contract with such county for the care of prisoners, for a term of not less than ten days, and not exceeding six months, in the discretion of the said justice of the peace, or police justice; or the said justice of the peace or police justice may sentence the said vagabond to pay a fine of not less than twenty dollars, nor more than one hundred dollars, and costs of suit, and in default of immediate payment of said fine and costs so imposed, said vagabond shall thereupon be sentenced to imprisonment at hard labor in said jail, calaboose, or other building used for penal purposes, or in said house of correction or on the public streets or highways, for a term not less than five days, nor more than six months by said justice of the peace, or police magistrate.

The language so employed, if it stood alone, might be construed to mean that the trial and the fixing of the penalty were exclusively the work of the magistrate. But by the same chapter as now amended (div. IX, sec. 4), it is provided that the person accused may have the cause tried by jury; and by the same statute (div. IX, sec. 5), it is provided that if the jury find the accused guilty they shall assess the fine, or fix the punishment. By section 6, the justice is required to record the verdict as part of the proceedings, in the case, and then to render judgment thereon. I am unable to see why these provisions do not apply as well to the sections relative to vagrants as to any other cases within the jurisdiction of the justice of the peace. He is required under the vagrant act to take a complaint, setting forth the name of the offender, if known, the place and date of the offense, and such other facts as will if substantiated by competent witnesses, establish the guilt of the prisoner. He is also to make a full record of the case, giving the date of complaint and of the offense, name of defendant, if known, and character of the charge, the names of all witnesses examined, and his findings, together with all other proceedings in the case; and when the accused is committed the mittimus must show the date of the charge, name of the complainant, name of defendant, if known, the offense charged, names of all witnesses examined,

date and place of trial, the finding of the court, and the sentence imposed. It will thus be seen that the proceedings for his conviction are quite as full, if not as formal, as if the defendant had been proceeded against in a court of record. The record so made would be as complete a bar to any future prosecution for the same offense as if the judgment had been rendered in any other court.

Reference was made in the argument to a decision rendered in the criminal court of Cook county, by a very distinguished jurist, in which a different conclusion was reached. *The People ex rel., Hattie Brown,* Leg. N. Dec. 1877.[1] I have carefully considered the opinion rendered in that case, and am constrained to say, that it seems to overlook the fact that the act of 1877 is an amendment to the criminal code, and must be read in connection therewith. It seems to treat that act as an independent statute, having no connection with that of which it professes to be an amendment. I am compelled for the reasons hereinbefore indicated to come to a different conclusion, and to hold that the right of trial by jury is not denied to a person charged with vagrancy under the act of 1877.

It must be confessed the act is highly penal and ought to receive a strict construction. But I know of no reason why jurisdiction in this class of cases may not be conferred upon justices of the peace and police magistrates.

The constitution of 1848 (art. XIII, sec. 10), limited the jurisdiction of justices of the peace in criminal cases to those in which the punishment was by fine only, and that not exceeding $100. I find no such limitation in the constitution of 1870. Art. VI, sec. 21, provides that justices of the peace, police magistrates and constables shall be elected in and for such districts as are or may be provided by law, and the jurisdiction of such justices of the peace and police magistrates shall be uniform.

Art. II, sec. 8, provides that no person shall be held to an-

---

[1] Reported in this volume immediately preceding this opinion. See also the later opinion of Judge McAllister on the same subject, immediately following this opinion.—Ed.

swer for a criminal offense, unless on indictment of a grand jury, except in cases in which the punishment is .by fine or imprisonment otherwise than in the penitentiary, in cases of impeachment, and in cases arising in the army and navy, or in the militia, when in active service, in time of war or public danger.

I find no other limitation upon the power of the legislature to confer upon justices jurisdiction in criminal cases. The statute in question confers jurisdiction in this class of cases upon justices of the peace and police magistrates, and authorizes them, upon conviction, to sentence the offender to imprisonment in the county jail for a period not exceedng six months. Inasmuch as ample provision is made for the trial of such cases by a jury when demanded by the accused, I can see nothing unconstitutional in the act. There being no other question raised in the case, I can see nothing illegal in the petitioners imprisonment. He will therefore be remanded to the custody of the sheriff, to be held under the warrant of commitment until the expiration of his sentence.'